UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TELLIOUS L. SCOTT, Sr.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

File No. 1:14-CV-497

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Court affirms the decision of the Commissioner for the reasons set forth below.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making his decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or

decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and his findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff applied for benefits on January 27, 2013, for disabilities with an alleged onset date of July 16, 2012. (Admin. Tr., Page ID# 41, ECF No. 7.) He was initially denied on May 7, 2013, after which time he requested a hearing before an Administrative Law Judge (ALJ). (*Id.*) On November 21, 2013, Plaintiff appeared without the assistance of counsel before ALJ Douglas W. Johnson with testimony being offered by Plaintiff and a vocational expert. (*Id.*) In a written decision

dated January 3, 2014, the ALJ determined that Plaintiff had not been under a disability. (*Id.*) The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Page ID# 24.) With assistance of counsel, Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from traumatic brain injury (also referred to as

3

organic mental disorder); depressive disorder NOS; migraines; and history of an unstable scar on his scalp (referred to as a Keloid formation), impairments which failed to meet or medically equal the impairments identified in the Listing of Impairments detailed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Page ID# 43-44.) The ALJ next determined that Plaintiff retained capacity to perform light work subject to the following limitations: lift and/or carry 20 pounds occasionally and do so with 10 pounds frequently; stand and/or walk for 6 hours in an 8 hour workday; sit for 6 of 8 hours; no work at unprotected heights or dangerous machinery; only occasional interaction with co-workers and supervisors; no dealing with the public; limited to jobs only requiring the ability to understand, remember, and carry out short, simple instructions. (Page ID# 23-27.)

The ALJ found that Plaintiff cannot perform his past relevant work. Nonetheless, the ALJ found that a significant number of jobs exist in the nation economy which Plaintiff could perform. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health & Human Servs.*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here.

The vocational expert testified that there existed approximately 12,000 jobs in Michigan which an individual with Plaintiff's RFC could perform. (Page ID# 36.) This represents a significant number of jobs. *See Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Comm'r of Soc.*

4

*Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006). The ALJ concluded that Plaintiff was not entitled to disability benefits.

**I. The ALJ's Consideration of the Disability Determination by the Department of Veterans Affairs under Sixth Circuit Law**

Plaintiff argues that the Commissioner committed reversible error by not giving appropriate weight to the VA's disability determination. The argument is without merit because the ALJ's findings were supported by substantial evidence. First, the disability determination of the VA is not controlling because, as the ALJ pointed out several times in his decision, the VA uses different criteria to assess disability. *See Ritchie v. Comm'r*, 540 F. App'x 508, 510 (6th Cir. 2013). Second, the ALJ carefully considered the findings of the VA sources and found that the records were insufficient to establish the severity of Plaintiff's condition. For example, the VA records noted only mild memory loss, normal judgment, and minor lapses in social interaction. (Page ID# 24.) The ALJ found that the records did not support that Plaintiff's condition is as severe as he alleges when he claims his depression prevents him from focusing or leaving his house. (Page ID# 23.) Moreover, the VA examiners' disability determination was based in part upon the credibility of Plaintiff's allegations (*see id.*), but the ALJ is not bound by the VA's assessment of Plaintiff's credibility. The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). An opinion that is based on the claimant's reporting of her symptoms is not entitled to controlling weight. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Francis v. Comm'r*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all."). The issue of

Plaintiff's credibility with respect to complaints of pain rest with the ALJ. *Allen v. Comm'r*, 561 F.3d 646, 652 (6th Cir. 2009) (citing *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987)).

The ALJ's discussion of the VA medical records indicates that the VA's disability determination is not compatible with a disability determination under the social security regulations. The ALJ's findings were supported by substantial evidence, and thus the Commissioner did not commit reversible error.

## II. The ALJ's Credibility Determinations

Plaintiff argues that the Commissioner committed reversible error by failing to give sufficient credibility to the testimony of his girlfriend, Tawnya Bouma, and using boilerplate language to explain his assessment of Plaintiff's credibility. To the contrary, the ALJ had substantial evidence to support his decision and offered specific language when he noted numerous inconsistencies in testimony. For example, the ALJ found that Plaintiff claims that his depression limits his ability to focus or leave the house (*see* Page ID# 23) and Ms. Bouma says that Plaintiff will stay in bed all day, yet Ms. Bouma also testified that Plaintiff can shop, spend time with friends, and manage his finances (*see* Page ID# 25). Moreover, the ALJ cited specific clinical findings to buttress his credibility determination. For example, VA records of Plaintiff's group therapy sessions indicate that Plaintiff was properly groomed, oriented, and able to share about his personal life with no gross memory problem and with good judgment and insight. (Page ID# 26.) The ALJ found that those objective observations were inconsistent with Plaintiff's allegations of disability. Thus, the ALJ provided adequate reasons for his credibility assessments.

**III. The ALJ's Consideration of Testimony by the Vocational Expert**

Plaintiff argues that the ALJ committed reversible error because the questions to the vocational expert did not entirely discuss Plaintiff's limitations. Plaintiff seems to suggest that the hypothetical questions asked of the expert should have included what Plaintiff thought his limitations were. The hypothetical posed to the expert, however, incorporated the limitations identified in Plaintiff's RFC. (*See* ALJ Decision, Page ID# 23-24, ECF No. 7; Hr'g Tr. 17-18, Page ID# 71-72, ECF No. 7.) The limitations in the RFC are those for which the ALJ found substantial evidence. Thus, the ALJ appropriately limited the hypothetical questions posed to the vocational expert to account for limitations found at step four of the disability analysis.

## CONCLUSION

Plaintiff has failed to demonstrate any significant error of fact or law in the ALJ's decision, and the ALJ's findings are supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits is **AFFIRMED**.


Dated: July 13, 2015 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE